| | | United States District Court, Northern District of Illinois | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 03 C 3439 | DATE | 12/5/2003 | |
| CASE TITLE | REPUBLIC FRANKLIN INS. vs. COMMUNITY CONSOLIDATED SCHOOL DIST. 168, et al. | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Carla Hudson is dismissed pursuant to Fed.R.Civ.P. 4(m). The case is dismissed without prejudice as to all remaining defendants. Plaintiff's motion for summary judgment [10-1] is moot. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 12/5/2003 | |
| | | 03 DEC -5 PM 5:13 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REPUBLIC FRANKLIN INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3439 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| COMMUNITY CONSOLIDATED | ) | |
| SCHOOL DISTRICT 168, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Republic Franklin Insurance (Republic Franklin) sues Community Consolidated School District 168, Thomas E. Ryan, Rickover Junior High School, Rudy Williams, Michael McLaughlin, the Board of Education, and Louise Morales (collectively, "the defendants"), as well as Carla Hudson as next friend of her son Michael Easton, to clarify its obligations under an insurance contract. Republic Franklin seeks a declaration its insurance policy with defendants does not obligate it to defend and/or indemnify defendants in a suit Hudson brought on her son's behalf, No. 02 C 1045, *Hudson, et al., v. Comm. Cons. Dist. 168, et al.* Republic Franklin moves for summary judgment, arguing defendants' failure to notify them of Hudson's claim releases them from performing on the contract. Republic Franklin did not file a return of service on Hudson, nor has Hudson filed an appearance. Accordingly, Hudson is dismissed pursuant to Fed.R.Civ.P. 4(m).

1

## BACKGROUND

In February 2002, Carla Hudson, as Michael Easton's mother and next friend, sued defendants for various violations of Easton's constitutional rights. Anticipating defendants would seek coverage under an insurance policy, Republic Franklin filed this suit for declaratory judgment on May 22, 2003, seeking a determination it is not responsible for indemnifying defendants for costs incurred while defending and settling Hudson's lawsuit. *See* Defs' 56.1(B)(3)(A) Resp. at ¶ 6; *see also* Wingenfeld Dep. at pg. 74-75 (explaining defendants sought about $38,000 dollars for the costs of defending against Hudson's claim). Hudson's suit had already settled on May 14, 2003 for $25,000. Defs' Stat. of Add. Facts, Ex. A.

At the time Hudson brought her claim, Republic Franklin was defendants' insurer. Defs' 56.1(B)(3)(A) Resp. at ¶ 5. The insurance contract obligated Republic Franklin to defend and indemnify defendants against third parties. Pl's Motion for Summ. J., Ex. E. The agreement also required defendants to provide Republic Franklin with notice of claims that might trigger coverage as soon as it was practicable to do so. *Id.* Defendants first notified Republic Franklin of Hudson's claim on November 27, 2002. Defs' 56.1(b)(3)(A) Resp. at ¶ 13. In a letter dated January 20, 2003, Republic Franklin denied coverage for Hudson's claim based on defendants' failure to provide notice in accordance with the insurance policy's requirements. *Id.* at ¶ 14.

Defendants maintained their own defense until they settled Hudson's claim. Defs' Stat. of Add. Facts, Ex. A; DeTella Aff. at ¶¶ 1-4. The settlement agreement precludes Hudson from taking further action against defendants or their insurer. *Id.* Prior to settlement, however, defendants actively litigated the case. At the outset of their defense, defendants appeared at a temporary restraining order hearing where Hudson successfully moved to enjoin defendants from

expelling her son from school. Defendants incurred $6,120.00 in legal fees related to that hearing. DeTella Aff. at ¶ 2. Defendants' lawyers charged an additional $12,280.50 for litigating the remainder of the case. *Id.* at ¶ 3. Once the case settled, Hudson was required to withdraw her claim. Accordingly, Hudson moved for voluntarily dismissal. The court granted Hudson's motion on June 9, 2003, dismissing the action with prejudice. *See* Defs' Stat. of Add. Facts, Ex. A.

## DISCUSSION

This court has an independent obligation to ensure federal subject matter jurisdiction exists in each case that comes before it. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S. Ct. 586 (1938). There are two obstacles to the exercise of federal jurisdiction in this case. First, Republic Franklin failed to properly plead a basis for jurisdiction in its complaint. Second, it is unclear whether the amount in controversy between Republic Franklin and defendants exceeds $75,000 as required by 28 U.S.C. § 1332.

### 1. Failure to properly plead jurisdiction

Federal Rule of Civil Procedure 8(a)(1) requires Republic Franklin to submit "a short plain statement of the grounds upon which the court's jurisdiction depends." In the complaint, Republic Federal asserts there is federal jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. However, the Declaratory Judgment Act does not provide an independent basis for federal jurisdiction and Republic Franklin's suit does not otherwise arise under federal law. *See Hyatt International Corp., v. Coco*, 302 F.3d 707, 711-12 (7th Cir. 2002); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2766, pp. 641-2 (3d ed. 1998). It is simply a state contract action. Thus, Republic Franklin must

3

satisfy the requirements of diversity jurisdiction. *See* 28 U.S.C. § 1332. However, Republic Franklin fails to plead the jurisdictional elements required for diversity jurisdiction. A corporation is deemed a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The complaint contains no allegations of the parties' citizenship, nor does it allege the amount in controversy exceeds $75,000.

Republic Franklin did not invoke diversity jurisdiction until its motion for summary judgment, but failed to satisfy the requirements of 28 U.S.C. § 1332. Jurisdiction cannot be based on guesswork; a party must plead necessary jurisdictional facts such as citizenship and the amount in dispute. *See Ficke v. Johns*, No. 95 C 939, 1996 WL 99424 at *8 (N.D.Ill. March 4, 1996); *Boggs v. Adams*, 45 F.3d 1056, 1059 n.7 (7th Cir. 1995) ("plaintiffs invoking diversity jurisdiction must allege that the amount in controversy exceeds [$75,000]"). Without jurisdictional information, a determination that the parties are diverse is impossible. Republic Franklin's subsequent filings with the court cannot cure the complaint's deficiencies. *See Perkins v. Silverstein*, 939 F.2d 463, 470 n.6 (7th Cir. 1991) (responsive pleadings cannot amend complaint to defeat a motion to dismiss). The motion for summary judgment fails to even identify Republic Franklin's principal place of business. *See Ficke*, 1996 WL 99424 at *8 (principal place of business must be alleged). In sum, Republic Franklin has failed to establish there is federal jurisdiction over its claim.

## 2. Amount in Controversy

Federal jurisdiction is also precluded because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. The court accepts Republic Franklin's valuation unless it "appears to a legal certainty that the claim is really for less than the jurisdictional

4

amount." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289, 58 S. Ct. 586. However, defendants challenge this allegation. Republic Franklin must therefore support its assertion of jurisdictional amount with proof "establishing to a reasonable probability" jurisdiction exists. *See Target Market Publishing, Inc., v. ADVO, Inc.*, 136 F.3d 1139, 1141-42 (7th Cir. 1998); *Smith v. American General Life and Accident Insurance Company, Inc.*, 337 F.3d 888, 892-93 (7th Cir. 2003), citing *St. Paul Mercury Indemnity Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938).

To meet its burden, Republic Franklin must demonstrate the value of defendants' claim under the insurance policy exceeds $75,000. *See id.*; *see also Chase v. Shop 'N' Save Wharehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In a contract dispute, the general rule is the amount in controversy is measured by the value of the contractual right that is the subject matter of the suit. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 3702 p. 77 (3d ed. 1998). When an insurer seeks a declaration it is not liable to the insured for coverage of an incident, it may include the value of the third party's claim, as well as the cost of defending the underlying suit, as part of the amount in controversy. *See Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968); *American Std. Ins. Co. of Wisconsin v. Rogers*, 123 F. Supp.2d 461, 464 (S.D. Ind. 2000); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure, supra*, § 3702 (approving inclusion of value of defense in the amount in controversy). However, Republic Franklin's case is distinguishable from the ordinary declaratory judgment action an insurer might bring. The value of defendants' claim was established before this case was filed. *See American Std. Ins. Co. of Wisconsin.*, 123 F. Supp.2d at 465 (the amount in controversy was measured by the value of judgment against insured party in underlying action); *Gardynski-Leschuck v. Ford*

*Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (legal fees may count toward the amount in controversy).

Republic Franklin has not established the cost of indemnifying defendants for their costs in defending Hudson's case exceeds $75,000 to a "reasonable probability." *See Target Market Publishing, Inc.*, 136 F.3d at 1139. Defendants argue the amount in controversy is only $37,240.50. Hudson's settlement agreement precludes future action against the insurer and awards Hudson $25,000 for her claims. *See* Def's Facts, Ex. A at 2 (settlement agreement); Def's Facts, Ex. B ($25,000 check made out to Hudson). The legal fees for defending Hudson's action were $12,240.50. DeTella Aff. at ¶ 3. Even with the addition of $6,120.00 in legal fees incurred while defending Hudson's request for a TRO, Republic Federal's potential liability for defendants' underlying contract claim is only $42,360.50. *See* DeTella Aff. at ¶ 4; Defs' Stat. of Add. Facts, Ex. C. Thus, the value of defendants' claim was liquidated for a sum far below the required $75,000.01. *Cf. Barbers, Hairstyling for Men & Women, Inc., v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1998) (in the context of removal, when the amount a plaintiff may recover is hard-capped at a value less than $75,000, the amount in controversy requirement is not satisfied). Because the liquidated value of defendants' claim for indemnification is only $42,360.50, Republic Federal must point to some other potential injury that may increase the value of their declaratory claim over the statutory threshold. Republic Franklin fails to cite to any provision in the contract that may entitle defendants to damages exceeding the actual costs of Hudson's suit. Therefore, at the time this case was filed, the disputed amount did not meet the $75,000 jurisdictional requirement.

Republic Federal's argues because federal jurisdiction was proper in Hudson's underlying case, a federal court may exercise jurisdiction over this declaratory judgment action. This argument is flawed. Hudson's suit arose under federal law, namely 28 U.S.C. § 1983, and was not predicated on diversity jurisdiction. Republic Federal cannot invoke federal jurisdiction simply because it claims its lawsuit is "ancillary or derivative" of Hudson's original §1983 lawsuit. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673 (1994) (action to enforce settlement agreement requires independent basis for federal jurisdiction; the fact that federal claims were settled and dismissed in the antecedent litigation is insufficient). Courts may assert ancillary jurisdiction when: (1) claims are factually interdependent, and (2) when the court must exercise jurisdiction to vindicate its authority or manage its own proceedings. *See id.* at 377-79, 114 S.Ct. at 1674; *see also* 28 U.S.C. § 1367. The factual issues in Republic Federal's contract claim are strikingly different from the issues in Hudson's § 1983 lawsuit, and this court does not have jurisdiction over Hudson's settlement agreement. Hudson's case was dismissed with prejudice. *See id* at 380-381, 114 S. Ct. at 1676-77 (dismissal pursuant to a settlement agreement does not establish durable control). Absent continuing authority justifying the invocation of ancillary jurisdiction, Republic Federal's suit must have its own basis for federal jurisdiction. *Id.* at 377-79, 114 S.Ct. at 1674; *see also* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure*, § 3523.1, (1984) (discussing the doctrine of ancillary jurisdiction).

Republic Federal's reliance on *Board of Educ. of Comm. Consolidated School Dist. No. 168, Cook County, IL v. Republic Franklin Ins. Co.*, No. 02 C 5250, 2003 WL 22287384, *1 (N.D.Ill. Oct. 6, 2003), is misplaced. The fact that Republic Federal previously litigated a similar

claim in federal court does not confer federal jurisdiction over *every* suit for declaratory judgment it files. Whether the amount in controversy is sufficient to warrant the exercise of federal jurisdiction must be determined in each case. *See Kokkonen*, 511 U.S. at 379, 114 S.Ct. 1673. Moreover, *Republic Franklin* involved an insurance company's duty to defend a claim in an ongoing investigation by the Cook County Commission on Human Rights, as well as to indemnify the policy holder for legal expenses incurred prior to notification of the insurance company. The potential value of Republic Franklin's defense was still in play. *See* 2003 WL 22287384 at *1. The underlying claim was settled before this case was filed. Even if Republic Federal prevailed in this case, the value of its victory is no more than $43,360.50. This does not meet the requirements of 28 U.S.C. § 1332(a).

Republic Franklin argues dismissal would waste judicial resources. This argument ignores a federal court's duty to consider the limitations of its own jurisdiction. *See Smith*, 337 F.3d at 892-3 (court must raise subject matter jurisdiction deficiencies *sua sponte*); *St. Paul Mercury Indem. Co.*, 303 U.S. at 287 n.10, 58 S. Ct. 586.

## CONCLUSION

Republic Franklin has failed to plead and prove essential jurisdictional facts. Accordingly, the suit is dismissed for lack of subject matter jurisdiction. Hudson is dismissed pursuant to Rule 4(m). Republic Franklin's motion for summary judgment is moot.

December 5, 2003                                        ENTER:

                                                        *[signature]*
                                                        Suzanne B. Conlon
                                                        United States District Judge

8